1  Joanna Ardalan (Bar No. 285384)
   jardalan@onellp.com
2  **ONE LLP**
   23 Corporate Plaza, Suite 150-105
3  Newport Beach, CA 92660
   Telephone:   (949) 502-2870
4  Facsimile:    (949) 258-5081

5  *Attorneys for Defendants,*
   EHM Productions, Inc.
6

7  Craig B. Sanders, Esq. (Cal Bar 284397)
    csanders@sanderslaw.group
8  Jacquieline Mandel, Esq. (Cal Bar 317119)
    jmandel@sanderslaw.group
9  **SANDERS LAW GROUP**
   333 Earle Ovington Blvd, Suite 402
10 Uniondale, New York 11553
   Tel: (516) 203-7600
11
   *Attorneys for Plaintiff*
12 Robert Guillory

13                UNITED STATES DISTRICT COURT
14
                CENTRAL DISTRICT OF CALIFORNIA
15

16 Robert Guillory,                    Case No. 2:22-cv-06185-FLA-RAO
                                        Hon. Fernando L. Aenlle-Rocha
17          Plaintiff,                  Magistrate Rozella A. Oliver

18 v.                                   **DISCOVERY MATTER**

19 EHM Productions Inc.,                **JOINT STIPULATION**
                                        **REGARDING EHM'S MOTION**
20          Defendants.                 **TO COMPEL GUILLORY'S**
                                        **DISCOVERY RESPONSES**
21
                                        **[Fed. R. Civ. P. 37, Loc. R. 37]**
22
                                        Action Filed: August 31, 2022
23

24

25

26

27

28

---

**JOINT STIPULATION RE GUILLORY'S DISCOVERY RESPONSES**

## TABLE OF CONTENTS

I.     INTRODUCTORY STATEMENT BY EHM ...............................................3

      a.   The Underlying Dispute...........................................................3

      b.   Meet and Confer Efforts ........................................................3

      c.   Plaintiff's Deficient Responses …………………………………4

II.    PLAINTIFF'S RESPONSE TO EHM'S INTERROGATORIES .................4

           INTERROGATORY NO. 5....................................................4

           PLAINTIFF DID NOT PROVIDE A VERIFICATION … …………6

III.   EHM'S REQUESTS FOR PRODUCTION TO PLAINTIFF ......................6

           REQUEST FOR PRODUCTION NO. 1:.................................6

           REQUEST FOR PRODUCTION NO. 2:.................................9

           REQUEST FOR PRODUCTION NO. 3 ..................................10

           REQUEST FOR PRODUCTION NO. 4 ..................................13

           REQUEST FOR PRODUCTION NO. 6 ..................................15

           REQUEST FOR PRODUCTION NO. 19 ................................17

           REQUEST FOR PRODUCTION NO. 21 ................................19

           REQUEST FOR PRODUCTION NO. 23 ................................21

           REQUEST FOR PRODUCTION NO. 24 ................................24

           REQUEST FOR PRODUCTION NO. 25 ................................26

           REQUEST FOR PRODUCTION NO. 28 ................................28

           REQUEST FOR PRODUCTION NO. 29 ................................30

           REQUEST FOR PRODUCTION NO. 35 ................................32

           REQUEST FOR PRODUCTION NO. 36 ................................33

           REQUEST FOR PRODUCTION NO. 41 ................................35

           REQUEST FOR PRODUCTION NO. 42 ................................36

IV.    THE COURT SHOULD ISSUE SANCTIONS AGAINST PLAINTIFF AND
       ITS COUNSEL...............................................................................................39

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT STIPULATION RE GUILLORY'S DISCOVERY RESPONSES**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37-2, Defendant EHM Productions Inc. ("EHM") and Robert Guillory ("Guillory" or "Plaintiff") submit this Joint Stipulation regarding EHM's Motion to Compel Further Discovery.

The Parties have met and conferred in good faith pursuant to Local Rule 37-1 via Zoom, in an attempt to resolve this dispute regarding Defendant's discovery deficiencies, but were unable to reach a resolution. Ardalan Decl., ¶ 7. Following the meeting, Plaintiff agreed to supplement his responses to certain interrogatories and requests for production of documents and provide a privilege log. Plaintiff represented that he would do his best to get responses by June 29, 2023. On July 5, plaintiff served supplemental responses. *Id.*

# I. INTRODUCTORY STATEMENT BY EHM

## a. The Underlying Dispute

Plaintiff is a photographer. Two real estate agents hired Plaintiff to take photographs of a house they were listing. The photographs (the "Photographs") were widely distributed on Redfin, Zillow, and other real estate websites. Plaintiff's website shows that he sells the rights to 25 similar photographs for $250. Plaintiff brought this lawsuit against EHM because he contends that TMZ.com, an entertainment news website, published the Photographs. Thus Plaintiff contends that EHM infringed his copyright to the photographs.

## b. Meet and Confer Efforts

EHM attempted to resolve this dispute without judicial intervention. It sent a letter outlining the deficiencies in the discovery responses. Ardalan Decl. Ex. F. Plaintiff did not respond substantively in writing, but agreed to a Zoom meet and confer conference. Plaintiff agreed "to do [his] best" in getting supplemental responses and a privilege log by June 29. *Id.* Ex. E. On June 30, EHM followed up with Plaintiff regarding supplemental responses because EHM did not receive any. *Id.* Plaintiff did not respond. Ardalan Decl., ¶ 7. On July 5, 2023, Plaintiff sent

3

**JOINT STIPULATION RE GUILLORY'S DISCOVERY RESPONSES**

supplemental responses to the interrogatories and requests for production of documents, after which, EHM inquired again about a verification to the interrogatory responses, which Plaintiff refused to provide. *Id.,* Ex. G.

### c. Plaintiff's Deficient Responses

Plaintiff's responses and supplemental responses are deficient for the following reasons:

- Plaintiff refused to provide the most basic information about how he contends he was damaged by EHM.
- Despite having agreed to provide a privilege log, Plaintiff failed to do so.
- Plaintiff has represented that he has provided all responsive documents to certain requests when he has not.
- Plaintiff has failed to provide native files, despite the fact that they were expressly requested by EHM. The native files are particularly important because the metadata might reveal inaccuracies in the copyright registration or inconsistencies with Plaintiff's position regarding his authorship.

## III.  PLAINTIFF'S RESPONSES TO EHM'S INTERROGATORIES

### INTERROGATORY NO. 5

If you contend that YOU were harmed by EHM, STATE in detail all facts supporting that position.

**RESPONSE TO INTERROGATORY NO. 5.** Plaintiff objects to this Interrogatory to the extent that it calls for a legal opinion or conclusion. Plaintiff objects to this Interrogatory as being premature, to the extent that he has not completed a review of the documentation provided by Defendant, if any, that would establish the profits and/or revenues earned by Defendant as a result of its infringement of the Photograph. This response is made based upon information available to Plaintiff at this time and Plaintiff reserves the right to amend or supplement this response, without obligating himself to do so, as discovery

4

1    continues. Further, this response is not intended to constitute a waiver of Plaintiff's

2    right to elect an award of statutory damages pursuant to 17 U.S.C. § 504(c), which

3    he may do at any point up until entry of a final judgment.

4    **EHM's Position**

5    Federal Rule of Civil Procedure 26(a), requires that each party provide a

6    computation of damages before discovery starts. Similarly, this request asks

7    Plaintiff to describe the harm he attributes to EHM. Guillory has provided no

8    substantive response, objecting that the response requires a legal conclusion and

9    that it is premature. It is neither. Significantly, objecting on the basis that the request

10   calls for a legal conclusion is improper. *Thomas v. Cate,* 715 F.Supp.2d 1012 (E.D.

11   Cal. 2010) ("the fact that an interrogatory calls for a legal conclusion is not grounds

12   for an objection."). Moreover, the request could not possibly be premature when

13   initial disclosures require the parties to provide a more complicated response, i.e. a

14   calculation of provable damages, as opposed to a holistic explanation about how

15   plaintiff claims he was harmed.

16   **Guillory's Position**

17   Plaintiff maintains his objection to this Interrogatory on the grounds that it is

18   premature, to the extent that Plaintiff has not completed a review of the

19   documentation provided by Defendant, if any, that would establish the profits

20   and/or revenues earned by Defendant as a result of its infringement of the

21   Photographs. Subject to the foregoing, Plaintiff responds further as follows:

22   Plaintiff duly registered the Photographs with the United States Copyright Office.

23   Defendant, without permission or authorization from Plaintiff, willfully violated his

24   rights under 17 U.S.C. §106 by illegally copying, storing, reproducing, distributing,

25   and publicly displaying the Photographs. Plaintiff was then harmed again when

26   Defendant improperly and illegally copied, stored, reproduced, distributed, and

27   publicly displayed the Photographs for a second time after this lawsuit was filed.

28   Defendant used these Photographs for its own financial gain.   Further, once

**JOINT STIPULATION RE GUILLORY'S DISCOVERY RESPONSES**

Defendant made the Photographs available for viewing to the public for free, potential licensees would not see the need to purchase the Photographs from Plaintiff. Thus, Plaintiff lost potential profits he could have earned.

**Plaintiff Did Not Provide a Verification**

**EHM's Position**

"Federal Rule of Civil Procedure 33 requires that a responding party provide a verification made under oath, either through a declaration made under penalty of perjury or through a statement sworn before a notary []." *Gardias v. San Jose State University,* 2007 WL 1520935, Nos., C04-04086 HRL (N.D. Cal. May 23, 2007) (ordering a party to provide a verification under oath). Plaintiff has not provided a verification, under oath with respect to his interrogatory responses. Plaintiff has provided a signature "as to answers." Ardalan Decl. Exs. B-1, B-2, G. That is obviously insufficient and could have been an easy fix to avoid motion practice.

**Guillory's Position**

Plaintiff provided the verification to the interrogatories on July 12, 2023.

**III.   EHM'S REQUESTS FOR PRODUCTION TO PLAINTIFF**

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS regarding this ACTION. **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff objects to this request in that the term "regarding" this Action is vague, ambiguous, and overbroad. Plaintiff objects to this request to the extent that it potentially calls for the production of proprietary or confidential business information and documents that are subject to the attorney-client privilege and work product exemption. Plaintiff objects to this request to the extent that it would call for the creation of documents, rather than the production of existing documents. Subject to and without waiving these objections, Plaintiff refers Defendant to the electronic correspondence between Plaintiff, Missy Improta, Jason Improta, and

6

Katie Pederson dated November 7, 8, 10, 21, 22, and 28, 2021, along with Plaintiff's invoice for the photographs dated November 29, 2021. This response is based on the documents presently known, identified and available to Plaintiff. Plaintiff reserves the right to supplement this response, without obligating himself to do so, as discovery continues.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff objects to this request in that the term "regarding" this Action is vague, ambiguous, and overbroad. Plaintiff objects to this request to the extent that it potentially calls for the production of documents that are subject to the attorney-client privilege and work product exemption. Plaintiff objects to this request to the extent that it would call for the creation of documents, rather than the production of existing documents. Subject to and without waiving these objections, Plaintiff refers Defendant to the electronic correspondence between Plaintiff, Missy Improta, Jason Improta, and Katie Pederson dated November 7, 8, 10, 21, 22, and 28, 2021, along with Plaintiff's invoice for the photographs dated November 29, 2021. After a reasonable and diligent search, these are the only documents responsive to this request at this time. This response is based on the documents presently known, identified and available to Plaintiff. Plaintiff reserves the right to supplement this response, without obligating himself to do so, as discovery continues.

**EHM's Position**

**No Privilege Log**

The Federal Rules of Civil Procedure permit a party responding to discovery requests to withhold information that is privileged or otherwise subject to protection. See Fed. R. Civ. Pro. 26(b)(5). But privileges are narrowly construed because they impede the full and fair discovery of the truth. *Consumer Financial Protection Bureau v. CashCall, Inc.,* 2016 WL 7444910, cv 15-07522-JFW (RAOx), *3 (C.D. Cal. 2016), *Eureka Fin. Corp. v. Hartford Acc. & Indem. Co.,*

**JOINT STIPULATION RE GUILLORY'S DISCOVERY RESPONSES**

136 F.R.D. 179, 183 (E.D. Cal. 1991). "[T]he objecting party must produce a privilege log that describes the nature of the documents being withheld with enough information to enable other parties to assess the claim." *Id.* (alteration and internal quotations omitted) (citing Fed. R. Civ. P. 26(b)(5)(A)(ii); *Perry v. Schwarzenegger*, 591 F.3d 1126, 1133 n.1 (9th Cir. 2009)).

Plaintiff has failed to provide a privilege log. By July 5, almost a week later, he did not provide a privilege log. Ardalan Decl., Ex. E, ¶ 7.

### Guillory's Position

During the parties meet and confer, Defendant demanded that Plaintiff catalogue and itemize all of the communications that have occurred between counsel and client concerning this action, including those continuing <u>after</u> commencement of the lawsuit. "Courts in this circuit routinely deny a motion to compel a privilege log of attorney-client communications or work product dated after commencement of litigation." *In re Snap Inc. Sec. Litig.,* 2018 WL 7501294, at *1 (C.D. Cal. Nov. 29, 2018); see also, e.g., *Mon Cheri Bridals, LLC v. Cloudflare, Inc.,* 2021 WL 1222492, at *3 (N.D. Cal. Apr. 1, 2021); *Gaby's Bags, LLC v. Mercari, Inc.,* 2020 U.S. Dist. LEXIS 215041, at *9 (N.D. Cal. Nov. 17, 2020); *Hiramanek v. Clark,* 2016 WL 217255, at *6 (N.D. Cal. Jan. 19, 2016); *Hernandez v. Best Buy Co., Inc.,* 2014 WL 5454505, at *10 (S.D. Cal. Oct. 27, 2014); *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas,* 2009 WL 5114077, at *3 (N.D. Cal. Dec. 18, 2009). "[C]ounsel's communications with the client and work product developed once the litigation commences are presumptively privileged and need not be included on any privilege log." Ryan Inv. Corp., 2009 WL 5114077, at *3. "[A] rule requiring creation of an ongoing log of all post-complaint privileged communications would have a chilling effect on the attorney-client relationship." *In re Snap Inc. Sec. Litig.,* 2018 WL 7501294, at *1 (quoting *Grider v. Keystone Health Plan Cent., Inc.,* 580 F.3d 119, 139 n.22 (3d Cir. 2009)). Defendant has not cited to any authority departing from this general practice, or rebutted the

presumption that such communications and information are protected. *Colibri Heart Valve LLC v. Medtronic CoreValve LLC*, 820CV00847DOCJDEX, 2021 WL 6882375, at *3 (C.D. Cal. Dec. 6, 2021)

Plaintiff has provided a privilege log concerning any withheld communication other than those as and between counsel and client concerning this action.

**REQUEST FOR PRODUCTION NO. 2:**

All COMMUNICATIONS regarding EHM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff objects to this request in that the term Communications "regarding" EHM is vague, ambiguous, and overbroad. Plaintiff objects to this request to the extent that it potentially calls for documents that are subject to the attorney-client privilege and work product exemption. Plaintiff objects to this request to the extent that it would call for the creation of documents, rather than the production of existing documents. Subject to and without waiving these objections, Plaintiff has no documents responsive to this Request. This response is based on the documents presently known, identified and available to Plaintiff. Plaintiff reserves the right to supplement this response, without obligating himself to do so, as discovery continues.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff objects to this request in that the term Communications "regarding" EHM is vague, ambiguous, and overbroad. Plaintiff objects to this request to the extent that it potentially calls for documents that are subject to the attorney-client privilege and work product exemption. Plaintiff objects to this request to the extent that it would call for the creation of documents, rather than the production of existing documents. Subject to and without waiving these objections, Plaintiff has

no documents responsive to this Request. This response is based on the documents presently known, identified and available to Plaintiff. Plaintiff reserves the right to supplement this response, without obligating himself to do so, as discovery continues.

**EHM's Position**

**No Privilege Log**

The Federal Rules of Civil Procedure permit a party responding to discovery requests to withhold information that is privileged or otherwise subject to protection. See Fed. R. Civ. Pro. 26(b)(5). But privileges are narrowly construed because they impede the full and fair discovery of the truth. *Consumer Financial Protection Bureau v. CashCall, Inc.,* 2016 WL 7444910, cv 15-07522-JFW (RAOx), *3 (C.D. Cal. 2016), *Eureka Fin. Corp. v. Hartford Acc. & Indem. Co.,* 136 F.R.D. 179, 183 (E.D. Cal. 1991). "[T]he objecting party must produce a privilege log that describes the nature of the documents being withheld with enough information to enable other parties to assess the claim." *Id.* (alteration and internal quotations omitted) (citing Fed. R. Civ. P. 26(b)(5)(A)(ii); *Perry v. Schwarzenegger*, 591 F.3d 1126, 1133 n.1 (9th Cir. 2009)).

Plaintiff has failed to provide a privilege log, despite acknowledging that he would provide one by June 29. By July 5, almost a week later, he did not provide a privilege log. Ardalan Decl., Ex. E, ¶ 7.

**Guillory's Position**

Plaintiff has substantively responded to Defendant's request. The only documents that exist related to EHM are those between counsel and client which as discussed above are privileged and for which no privilege log is required.

**REQUEST FOR PRODUCTION NO. 3**

All DOCUMENTS that constitute, embody, reflect, or refer to any oral or written agreement, including license agreements, settlement agreements,

10

assignment agreements, and work-for-hire agreements, between YOU and any other PERSON regarding the WORKS AT ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff objects to this request to the extent that it would call for the creation of documents, rather than the production of existing documents. Subject to and without waiving these objections, Plaintiff refers Defendant to the electronic correspondence between Plaintiff, Missy Improta, Jason Improta, and Katie Pederson dated November 7, 8, 10, 21, 22, and 28, 2021, along with Plaintiff's invoice for the photographs dated November 29, 2021. This response is based on the documents presently known, identified and available to Plaintiff. Plaintiff reserves the right to supplement this response, without obligating himself to do so, as discovery continues.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff objects to this request to the extent that it would call for the creation of documents, rather than the production of existing documents. Subject to and without waiving these objections, Plaintiff refers Defendant to the electronic correspondence between Plaintiff, Missy Improta, Jason Improta, and Katie Pederson dated November 7, 8, 10, 21, 22, and 28, 2021, along with Plaintiff's invoice for the photographs dated November 29, 2021. After a reasonable and diligent search, these are the only documents responsive to this request at this time. This response is based on the documents presently known, identified and available to Plaintiff. Plaintiff reserves the right to supplement this response, without obligating himself to do so, as discovery continues.

**EHM's Position**

After supplementing his responses, Plaintiff took the position that all

responsive documents have been produced.[1] Ardalan Decl., Ex. G, at 2:40. It is not plausible that all documents were produced. For example, EHM knows that Plaintiff settled disputes regarding the same photographs with other parties, like *The Sun*, but plaintiff has not produced those settlement agreements. He has also waived privilege with respect any privileged documents that may refer to or reflect any written or oral agreement regarding the photographs. Defendant has not made any meaningful objection to this request, so it should be compelled.

### Guillory's Position

Plaintiff notified Defendant of the following information: Plaintiff has filed the following lawsuits in attempt to enforce his copyright rights in the Photographs: *Guillory v. Backgrid USA, Inc. and The Grosby Group Inc.* (2:23-cv-00776-FLA-RAOx, Central District of California), *Guillory v. American Luxury LLC* (6:23-cv-00226-WWB0EJK, Middle District of Florida), *Guillory v. Hollywoodlife.com, LLC* (3:22-cv-01264-OAW, District of Connecticut), *Guillory v. Source Digital, Inc.* (1:23-cv-01333-PAE-OTW, Southern District of New York), *Guillory v. The Sun US, INC. n/k/a News Enterprises, Inc.* (1:22-cv-08471-ALC Southern District of New York), and *Guillory v. Korangy Publishing Inc.* (1:23-cv-01103-VM). All documents related to these lawsuits are available to Defendant on the public

---

[1] In response to a request for production of documents under Rule 34 of the Federal Rules of Civil Procedure, a party is to produce all responsive documents in its "possession, custody, or control." *Bryant v. Armstrong*, 285 F.R.D. 596, 603 (S.D. Cal. 2012) (citing Fed.R.Civ.P. 34(a)(1)). The requesting party "is entitled to individualized, complete responses to each of the requests,...accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced [to the requesting party]." *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006). Guillory did not make it clear whether he was producing all responsive documents. Guillory supplemented his responses, but they still do not comply. *See* Responses to RFPs 1, 3-34, 37, 38, 40-43. Counsel has claimed everything in his "custody and control" has been produced, but that still isn't sufficient. In an effort to avoid the use of judicial resources, EHM did not separately move on each of these requests on this basis.

dockets. Plaintiff has also sent letters on the following matters attempting to enforce his copyright rights in these Photographs: *Guillory v. Haven Lifestyles, Inc., Ltd.*, *Guillory v. JMS Grandex Notes LLC*, *Guillory v. Planck, LLC*, *Guillory v. Dirt.com, LLC*, and *Guillory v. Associated Newspapers (U.S.A.) Limited*. These letters were produced. Any settlement agreements or settlement negotiations regarding the matters listed above are confidential and not relevant to the present case. Defendant has offered no proffer as to how these documents would be relevant to the case or controversy between Plaintiff and Defendant such that any consideration as to how to deal with the confidential aspect of such agreements and discussions would need to be determined.

**REQUEST FOR PRODUCTION NO. 4**

All DOCUMENTS that constitute, embody, reflect, or refer to any agreement between YOU and any other PERSON whereby YOU licensed or authorized the use of any of the WORKS AT ISSUE, by any PERSON, in any manner, including on or in any audiovisual work, website, digital media outlet, or print publication.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff objects to this request to the extent that it potentially calls for the production of proprietary or confidential business information and/or documents that are subject to the attorney-client privilege and work product exemption. Plaintiff objects to this request to the extent that it would call for the creation of documents, rather than the production of existing documents. Subject to and without waiving these objections, Plaintiff refers Defendant to the electronic correspondence between Plaintiff, Missy Improta, Jason Improta, and Katie Pederson dated November 7, 8, 10, 21, 22, and 28, 2021, along with Plaintiff's invoice for the photographs dated November 29, 2021. This response is based on the documents presently known, identified and available to Plaintiff. Plaintiff reserves the right to supplement this response, without obligating himself to do so,

13

as discovery continues.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Plaintiff objects to this request to the extent that it potentially calls for the production of documents that are subject to the attorney-client privilege and work product exemption. Plaintiff objects to this request to the extent that it would call for the creation of documents, rather than the production of existing documents. Subject to and without waiving these objections, Plaintiff refers Defendant to the electronic correspondence between Plaintiff, Missy Improta, Jason Improta, and Katie Pederson dated November 7, 8, 10, 21, 22, and 28, 2021, along with Plaintiff's invoice for the photographs dated November 29, 2021. After a reasonable and diligent search, these are the only documents responsive to this request at this time. This response is based on the documents presently known, identified and available to Plaintiff. Plaintiff reserves the right to supplement this response, without obligating himself to do so, as discovery continues.

**EHM's Position**

**No Privilege Log**

The Federal Rules of Civil Procedure permit a party responding to discovery requests to withhold information that is privileged or otherwise subject to protection. See Fed. R. Civ. Pro. 26(b)(5). But privileges are narrowly construed because they impede the full and fair discovery of the truth. *Consumer Financial Protection Bureau v. CashCall, Inc.,* 2016 WL 7444910, cv 15-07522-JFW (RAOx), *3 (C.D. Cal. 2016), *Eureka Fin. Corp. v. Hartford Acc. & Indem. Co.,* 136 F.R.D. 179, 183 (E.D. Cal. 1991). "[T]he objecting party must produce a privilege log that describes the nature of the documents being withheld with enough information to enable other parties to assess the claim." *Id.* (alteration and internal quotations omitted) (citing Fed. R. Civ. P. 26(b)(5)(A)(ii); *Perry v. Schwarzenegger*, 591 F.3d 1126, 1133 n.1 (9th Cir. 2009)).

**JOINT STIPULATION RE GUILLORY'S DISCOVERY RESPONSES**

Plaintiff has failed to provide a privilege log, despite acknowledging that he would provide one by June 29. By July 5, almost a week later, he did not provide a privilege log. Ardalan Decl., Ex. E, ¶ 7.

**Guillory's Position:**

No documents were withheld based upon attorney-client privilege or any other privilege. As such, there is no need for a privilege log. Defendant received a substantive response to its request and therefore there is no basis to compel anything further.

**REQUEST FOR PRODUCTION NO. 6**

All DOCUMENTS that constitute, embody, reflect, or refer to any COMMUNICATIONS between YOU and any other PERSON concerning any proposed, requested, or contemplated use of any of the WORKS AT ISSUE, for use in any manner, including on or in any audiovisual work, on any website or digital media outlet, or in any print publication.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff objects to this request to the extent that it duplicative of other requests made herein. Plaintiff objects to this request to the extent that it potentially calls for the production of proprietary or confidential business information and/or documents that are subject to the attorney-client privilege and work product exemption. Plaintiff objects to this request to the extent that it would call for the creation of documents, rather than the production of existing documents. Subject to and without waiving these objections, Plaintiff refers Defendant to the electronic correspondence between Plaintiff, Missy Improta, Jason Improta, and Katie Pederson dated November 7, 8, 10, 21, 22, and 28, 2021, along with Plaintiff's invoice for the photographs dated November 29, 2021. This response is based on the documents presently known, identified and available to Plaintiff. Plaintiff

**JOINT STIPULATION RE GUILLORY'S DISCOVERY RESPONSES**

reserves the right to supplement this response, without obligating himself to do so, as discovery continues.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Plaintiff objects to this request to the extent that it duplicative of other requests made herein. Plaintiff objects to this request to the extent that it potentially calls for the production of documents that are subject to the attorney-client privilege and work product exemption. Plaintiff objects to this request to the extent that it would call for the creation of documents, rather than the production of existing documents. Subject to and without waiving these objections, Plaintiff refers Defendant to the electronic correspondence between Plaintiff, Missy Improta, Jason Improta, and Katie Pederson dated November 7, 8, 10, 21, 22, and 28, 2021, along with Plaintiff's invoice for the photographs dated November 29, 2021. After a reasonable and diligent search, these are the only documents responsive to this request at this time. This response is based on the documents presently known, identified and available to Plaintiff. Plaintiff reserves the right to supplement this response, without obligating himself to do so, as discovery continues.

**EHM's Position**

**No Privilege Log**

The Federal Rules of Civil Procedure permit a party responding to discovery requests to withhold information that is privileged or otherwise subject to protection. See Fed. R. Civ. Pro. 26(b)(5). But privileges are narrowly construed because they impede the full and fair discovery of the truth. *Consumer Financial Protection Bureau v. CashCall, Inc.,* 2016 WL 7444910, cv 15-07522-JFW (RAOx), *3 (C.D. Cal. 2016), *Eureka Fin. Corp. v. Hartford Acc. & Indem. Co*., 136 F.R.D. 179, 183 (E.D. Cal. 1991). "[T]he objecting party must produce a privilege log that describes the nature of the documents being withheld with enough information to enable other parties to assess the claim." *Id.* (alteration and internal

16

quotations omitted) (citing Fed. R. Civ. P. 26(b)(5)(A)(ii); *Perry v. Schwarzenegger*, 591 F.3d 1126, 1133 n.1 (9th Cir. 2009)).

Plaintiff has failed to provide a privilege log, despite acknowledging that he would provide one by June 29. By July 5, almost a week later, he did not provide a privilege log. Ardalan Decl., Ex. E, ¶ 7. It is unclear why any documents responsive to this request would be privileged, making the need for a privilege log even more apparent.

### Guillory's Position

No documents were withheld based upon attorney-client privilege or any other privilege. As such, there is no need for a privilege log. Defendant received a substantive response to its request and therefore there is no basis to compel anything further.

**REQUEST FOR PRODUCTION NO. 19**

All DOCUMENTS that constitute, embody, reflect, or refer to any agreements, including settlement agreements, entered into by YOU in connection with the unauthorized use of any of the WORKS AT ISSUE.

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff objects to this request to the extent that it duplicative of other requests made herein. Plaintiff further objects to the extent that this information is irrelevant to the issues in this case or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent that it potentially calls for the production of proprietary or confidential business information and/or documents that are subject to the attorney-client privilege and work product exemption. Subject to and without waiving these objections, Plaintiff has no documents responsive to this Request other than those otherwise produced herein. This response is based on the documents presently known, identified and

17

available to Plaintiff. Plaintiff reserves the right to supplement this response, without obligating himself to do so, as discovery continues.

**EHM's Position**

**It Is Not Plausible that No Responsive Documents Exist**

After supplementing his responses, Plaintiff took the position that all responsive documents have been produced.[2] Ardalan Decl., Ex. G, at 2:40. It is not plausible that all documents were produced. EHM understands that plaintiff has pursued other parties who he contends infringed the same Photographs and has resolved his copyright infringement claims with those parties, including with the publication *The Sun*. Ardalan Decl., ¶ 8. Plaintiff is withholding documents despite his contention that it is not. Plaintiff also contends that the information is proprietary or confidential business information, but the parties have entered into a stipulated protective order which addresses this concern. Plaintiff should be ordered to produce all responsive documents.

**No Privilege Log**

The Federal Rules of Civil Procedure permit a party responding to discovery requests to withhold information that is privileged or otherwise subject to protection. See Fed. R. Civ. Pro. 26(b)(5). But privileges are narrowly construed

---

[2] In response to a request for production of documents under Rule 34 of the Federal Rules of Civil Procedure, a party is to produce all responsive documents in its "possession, custody, or control." *Bryant v. Armstrong*, 285 F.R.D. 596, 603 (S.D. Cal. 2012) (citing Fed.R.Civ.P. 34(a)(1)). The requesting party "is entitled to individualized, complete responses to each of the requests,...accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced [to the requesting party]." *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006). Guillory did not make clear whether he was producing all responsive documents. Guillory supplemented his responses, but they still do not comply. *See* Responses to RFPs 1, 3-34, 37, 38, 40-43. Counsel has claimed everything in his "custody and control" has been produced, but that still isn't sufficient. In an effort to avoid the use of judicial resources, EHM did not separately move on each of these requests on this basis.

because they impede the full and fair discovery of the truth. *Consumer Financial Protection Bureau v. CashCall, Inc.,* 2016 WL 7444910, cv 15-07522-JFW (RAOx), *3 (C.D. Cal. 2016), *Eureka Fin. Corp. v. Hartford Acc. & Indem. Co.*, 136 F.R.D. 179, 183 (E.D. Cal. 1991). "[T]he objecting party must produce a privilege log that describes the nature of the documents being withheld with enough information to enable other parties to assess the claim." *Id.* (alteration and internal quotations omitted) (citing Fed. R. Civ. P. 26(b)(5)(A)(ii); *Perry v. Schwarzenegger*, 591 F.3d 1126, 1133 n.1 (9th Cir. 2009)).

Plaintiff has failed to provide a privilege log, despite acknowledging that he would provide one by June 29. By July 5, almost a week later, he did not provide a privilege log. Ardalan Decl., Ex. E, ¶ 7.

**<u>Guillory's Position</u>**The only documents that would be responsive to this request are settlement agreements or settlement negotiations regarding the matters listed above which, as aforenoted, are confidential and not relevant to the present case or communications between counsel and client which were also discussed above.

**REQUEST FOR PRODUCTION NO. 21**

All DOCUMENTS relating to any efforts made by YOU to enforce YOUR copyrights or other intellectual property rights in the WORKS AT ISSUE.

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiff objects to this request to the extent that it duplicative of other requests made herein. Plaintiff further objects to the extent that this information is irrelevant to the issues in this case or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent that it potentially calls for the production of proprietary or confidential business information and/or documents that are subject to the attorney-client privilege and work product exemption. Subject to and without waiving these objections, Plaintiff

19

has no documents responsive to this Request other than those otherwise produced herein. This response is based on the documents presently known, identified and available to Plaintiff. Plaintiff reserves the right to supplement this response, without obligating himself to do so, as discovery continues.

**EHM's Position**

**It Is Not Plausible that No Responsive Documents Exist**

After supplementing his responses, Plaintiff took the position that all responsive documents have been produced.[3] Ardalan Decl., Ex. G, at 2:40. It is not plausible that all documents were produced. EHM understands that plaintiff has pursued other parties who he contends infringed the same Photographs and has resolved his copyright infringement claims with those parties, including with the publication *The Sun*. Ardalan Decl., ¶ 8. Plaintiff also filed a lawsuit and engaged in correspondence with Backgrid USA, Inc., which has not been produced. Plaintiff is withholding documents despite its contention that it is not. Plaintiff also contends that the information is proprietary or confidential business information, but the parties have entered into a stipulated protective order that addresses this concern. Plaintiff should be ordered to produce all responsive documents.

---

[3] In response to a request for production of documents under Rule 34 of the Federal Rules of Civil Procedure, a party is to produce all responsive documents in its "possession, custody, or control." *Bryant v. Armstrong*, 285 F.R.D. 596, 603 (S.D. Cal. 2012) (citing Fed.R.Civ.P. 34(a)(1)). The requesting party "is entitled to individualized, complete responses to each of the requests,...accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced [to the requesting party]." *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006). Guillory did not make clear whether he was producing all responsive documents. Guillory supplemented his responses, but they still do not comply. *See* Responses to RFPs 1, 3-34, 37, 38, 40-43. Counsel has claimed everything in his "custody and control" has been produced, but that still isn't sufficient. In an effort to avoid the use of judicial resources, EHM did not separately move on each of these requests on this basis.

20

**No Privilege Log**

The Federal Rules of Civil Procedure permit a party responding to discovery requests to withhold information that is privileged or otherwise subject to protection. See Fed. R. Civ. Pro. 26(b)(5). But privileges are narrowly construed because they impede the full and fair discovery of the truth. *Consumer Financial Protection Bureau v. CashCall, Inc.,* 2016 WL 7444910, cv 15-07522-JFW (RAOx), *3 (C.D. Cal. 2016), *Eureka Fin. Corp. v. Hartford Acc. & Indem. Co*., 136 F.R.D. 179, 183 (E.D. Cal. 1991). "[T]he objecting party must produce a privilege log that describes the nature of the documents being withheld with enough information to enable other parties to assess the claim." *Id*. (alteration and internal quotations omitted) (citing Fed. R. Civ. P. 26(b)(5)(A)(ii); *Perry v. Schwarzenegger*, 591 F.3d 1126, 1133 n.1 (9th Cir. 2009)).

Plaintiff has failed to provide a privilege log, despite acknowledging that he would provide one by June 29. By July 5, almost a week later, he did not provide a privilege log. Ardalan Decl., Ex. E, ¶ 7.

**<u>Guillory's Position</u>**

Defendant's request, response and objections are substantively identical to those set forth in response to Interrogatory No. 3.   Plaintiff therefore refers Defendant to *Guillory's Position* at response to Interrogatory No. 3 *supra*.

In addition, Guillory states as follows: Settlement agreements and/or settlement negotiations regarding the matters listed above are confidential and not relevant to the present case. Similarly, communications between counsel and client are privileged and, for the reasons previously stated, no privilege log is required in this Circuit.

**REQUEST FOR PRODUCTION NO. 23**

All DOCUMENTS that constitute, embody, reflect, or refer to any COMMUNICATIONS between YOU and any other PERSON regarding any

21

proposed or completed agreement concerning the use, exploitation, or licensing of any of the WORKS AT ISSUE, including but not limited to negotiation documents for any license or settlement agreement.

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff objects to this request to the extent that it is duplicative of other requests made herein. Plaintiff further objects to the extent that this information is irrelevant to the issues in this case or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent that it potentially calls for the production of proprietary or confidential business information and documents that are subject to the attorney-client privilege and work product exemption. Subject to and without waiving these objections, Plaintiff refers Defendant to the electronic correspondence between Plaintiff, Missy Improta, Jason Improta, and Katie Pederson dated November 7, 8, 10, 21, 22, and 28, 2021, along with Plaintiff's invoice for the photographs dated November 29, 2021. This response is based on the documents presently known, identified and available to Plaintiff. Plaintiff reserves the right to supplement this response, without obligating himself to do so, as discovery continues.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

Plaintiff objects to this request to the extent that it is duplicative of other requests made herein. Plaintiff further objects to the extent that this information is irrelevant to the issues in this case or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent that it potentially calls for the production of documents that are subject to the attorney-client privilege and work product exemption. Subject to and without waiving these objections, Plaintiff refers Defendant to the electronic correspondence between Plaintiff, Missy Improta, Jason Improta, and Katie Pederson dated November 7, 8,

**JOINT STIPULATION RE GUILLORY'S DISCOVERY RESPONSES**

10, 21, 22, and 28, 2021, along with Plaintiff's invoice for the photographs dated November 29, 2021. This response is based on the documents presently known, identified and available to Plaintiff. After a reasonable and diligent search, these are the only documents responsive to this request at this time. Plaintiff reserves the right to supplement this response, without obligating himself to do so, as discovery continues.

**EHM's Position**

**It Is Not Plausible that No Responsive Documents Exist**

After supplementing his responses, Plaintiff took the position that all responsive documents have been produced.[4] Ardalan Decl., Ex. G, at 2:40. It is not plausible that all documents were produced. EHM understands that plaintiff has pursued other parties who he contends infringed the same Photographs in this case and has resolved his copyright infringement claims with those parties, including with the publication *The Sun*. Ardalan Decl., ¶ 8. Plaintiff also filed a lawsuit and engaged in correspondence with Backgrid USA, Inc., which has not been produced. Plaintiff is withholding documents despite his contention that it is not. Plaintiff also contends that the information is proprietary or confidential business information, but the parties have entered into a stipulated protective order that addresses this

---

[4] In response to a request for production of documents under Rule 34 of the Federal Rules of Civil Procedure, a party is to produce all responsive documents in its "possession, custody, or control." *Bryant v. Armstrong*, 285 F.R.D. 596, 603 (S.D. Cal. 2012) (citing Fed.R.Civ.P. 34(a)(1)). The requesting party "is entitled to individualized, complete responses to each of the requests,...accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced [to the requesting party]." *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006). Guillory did not make clear whether he was producing all responsive documents. Guillory supplemented his responses, but they still do not comply. *See* Responses to RFPs 1, 3-34, 37, 38, 40-43. Counsel has claimed everything in his "custody and control" has been produced, but that still isn't sufficient. In an effort to avoid the use of judicial resources, EHM did not separately move on each of these requests on this basis.

23

**JOINT STIPULATION RE GUILLORY'S DISCOVERY RESPONSES**

concern. Plaintiff should be ordered to produce all responsive documents.

**No Privilege Log**

The Federal Rules of Civil Procedure permit a party responding to discovery requests to withhold information that is privileged or otherwise subject to protection. See Fed. R. Civ. Pro. 26(b)(5). But privileges are narrowly construed because they impede the full and fair discovery of the truth. *Consumer Financial Protection Bureau v. CashCall, Inc.,* 2016 WL 7444910, cv 15-07522-JFW (RAOx), *3 (C.D. Cal. 2016), *Eureka Fin. Corp. v. Hartford Acc. & Indem. Co.*, 136 F.R.D. 179, 183 (E.D. Cal. 1991). "[T]he objecting party must produce a privilege log that describes the nature of the documents being withheld with enough information to enable other parties to assess the claim." *Id*. (alteration and internal quotations omitted) (citing Fed. R. Civ. P. 26(b)(5)(A)(ii); *Perry v. Schwarzenegger*, 591 F.3d 1126, 1133 n.1 (9th Cir. 2009)).

Plaintiff has failed to provide a privilege log, despite acknowledging that he would provide one by June 29. By July 5, almost a week later, he did not provide a privilege log. Ardalan Decl., Ex. E, ¶ 7.

**Guillory's Position**

Defendant's request, response and objections are substantively identical to those set forth in response to Interrogatory Nos. 3 and 21.  Plaintiff therefore refers Defendant to *Guillory's Position* at response to Interrogatory Nos. 3 and 21 *supra*.

**REQUEST FOR PRODUCTION NO. 24**

All DOCUMENTS relating to any sums paid to YOU in connection with the use, exploitation, or licensing of any of the WORKS AT ISSUE.

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiff objects to this request to the extent that it duplicative of other requests made herein. Plaintiff objects to this request to the extent that it calls for

24

the production of documents already in Defendant's possession, custody and/or control. Plaintiff objects to this request to the extent that it potentially calls for the production of proprietary or confidential business information and documents that are subject to the attorney-client privilege and work product exemption. Plaintiff objects to this request to the extent that it would call for the creation of documents, rather than the production of existing documents. Subject to and without waiving these objections, Plaintiff refers Defendant to Plaintiff's invoice for the photographs dated November 29, 2021. This response is based on the documents presently known, identified and available to Plaintiff. Plaintiff reserves the right to supplement this response, without obligating himself to do so, as discovery continues.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

Plaintiff objects to this request to the extent that it duplicative of other requests made herein. Plaintiff objects to this request to the extent that it calls for the production of documents already in Defendant's possession, custody and/or control. Plaintiff objects to this request to the extent that it potentially calls for the production of proprietary or confidential business information and documents that are subject to the attorney-client privilege and work product exemption. Plaintiff objects to this request to the extent that it would call for the creation of documents, rather than the production of existing documents. Subject to and without waiving these objections, Plaintiff refers Defendant to Plaintiff's invoice for the photographs dated November 29, 2021. After a reasonable and diligent search, these are the only documents responsive to this request at this time. This response is based on the documents presently known, identified and available to Plaintiff. Plaintiff reserves the right to supplement this response, without obligating himself to do so, as discovery continues.

**JOINT STIPULATION RE GUILLORY'S DISCOVERY RESPONSES**

**EHM's Position**

**No Privilege Log**

The Federal Rules of Civil Procedure permit a party responding to discovery requests to withhold information that is privileged or otherwise subject to protection. See Fed. R. Civ. Pro. 26(b)(5). But privileges are narrowly construed because they impede the full and fair discovery of the truth. *Consumer Financial Protection Bureau v. CashCall, Inc.,* 2016 WL 7444910, cv 15-07522-JFW (RAOx), *3 (C.D. Cal. 2016), *Eureka Fin. Corp. v. Hartford Acc. & Indem. Co.*, 136 F.R.D. 179, 183 (E.D. Cal. 1991). "[T]he objecting party must produce a privilege log that describes the nature of the documents being withheld with enough information to enable other parties to assess the claim." *Id.* (alteration and internal quotations omitted) (citing Fed. R. Civ. P. 26(b)(5)(A)(ii); *Perry v. Schwarzenegger*, 591 F.3d 1126, 1133 n.1 (9th Cir. 2009)).

Plaintiff has failed to provide a privilege log, despite acknowledging that he would provide one by June 29. By July 5, almost a week later, he did not provide a privilege log. Ardalan Decl., Ex. E, ¶ 7.

**Guillory's Position:**

For the reasons set forth more fully above, settlement agreements and/or settlement negotiations regarding the matters listed above are both confidential and not relevant to the present case. Similarly, communications between counsel and client are privileged and, for the reasons previously stated, no privilege log is required in this Circuit. *See, e.g., Guillory's Position at response to Interrogatory No. 1.*

**REQUEST FOR PRODUCTION NO. 25**

All DOCUMENTS relating to any sums paid by YOU to any third party, in connection with the use, exploitation, or licensing of any of the WORKS AT ISSUE.

26

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiff objects to this request to the extent that it duplicative of other requests made herein. Plaintiff further objects to the extent that this information is irrelevant to the issues in this case or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent that it potentially calls for the production of proprietary or confidential business information and documents that are subject to the attorney-client privilege and work product exemption. Subject to and without waiving these objections, Plaintiff has no documents responsive to this Request other than those otherwise produced herein. This response is based on the documents presently known, identified and available to Plaintiff. Plaintiff reserves the right to supplement this response, without obligating himself to do so, as discovery continues.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

Plaintiff objects to this request to the extent that it is duplicative of other requests made herein. Plaintiff further objects to the extent that this information is irrelevant to the issues in this case or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Plaintiff has no documents responsive to this Request other than those otherwise produced herein. This response is based on the documents presently known, identified and available to Plaintiff. Plaintiff reserves the right to supplement this response, without obligating himself to do so, as discovery continues.

**EHM's Position**

**No Privilege Log**

The Federal Rules of Civil Procedure permit a party responding to discovery requests to withhold information that is privileged or otherwise subject to protection. See Fed. R. Civ. Pro. 26(b)(5). But privileges are narrowly construed

because they impede the full and fair discovery of the truth. *Consumer Financial Protection Bureau v. CashCall, Inc.,* 2016 WL 7444910, cv 15-07522-JFW (RAOx), *3 (C.D. Cal. 2016), *Eureka Fin. Corp. v. Hartford Acc. & Indem. Co.,* 136 F.R.D. 179, 183 (E.D. Cal. 1991). "[T]he objecting party must produce a privilege log that describes the nature of the documents being withheld with enough information to enable other parties to assess the claim." *Id.* (alteration and internal quotations omitted) (citing Fed. R. Civ. P. 26(b)(5)(A)(ii); *Perry v. Schwarzenegger*, 591 F.3d 1126, 1133 n.1 (9th Cir. 2009)).

Plaintiff has failed to provide a privilege log, despite acknowledging that he would provide one by June 29.. By July 5, almost a week later, he did not provide a privilege log. Ardalan Decl., Ex. E, ¶ 7.

### Guillory's Position:

Plaintiff has provided Defendant with a substantive response to its request. No documents are being withheld based on the attorney-client privilege. As such, there is nothing to compel.

**REQUEST FOR PRODUCTION NO. 28**

All DOCUMENTS relating to any income or revenue YOU received in connection with the WORKS AT ISSUE from the date of their creation until the present.

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiff objects to this request to the extent that it duplicative of other requests made herein. Subject to and without waiving these objections, Plaintiff refers Defendant to Plaintiff's invoice for the photographs dated November 29, 2021. This response is based on the documents presently known, identified and available to Plaintiff. Plaintiff reserves the right to supplement this response, without obligating himself to do so, as discovery continues.

28

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

Plaintiff objects to this request to the extent that it duplicative of other requests made herein. Subject to and without waiving these objections, Plaintiff refers Defendant to Plaintiff's invoice for the photographs dated November 29, 2021. After a reasonable and diligent search, these are the only documents responsive to this request at this time. This response is based on the documents presently known, identified and available to Plaintiff. Plaintiff reserves the right to supplement this response, without obligating himself to do so, as discovery continues.

**EHM Position**

After supplementing his responses, Plaintiff took the position that all responsive documents have been produced.[5] Ardalan Decl., Ex. G, at 2:40. It is not plausible that all documents are produced. EHM understands that plaintiff has pursued other parties who he contends infringed the same Photographs and has resolved his copyright infringement claims with those parties, including with the publication *The Sun*. Ardalan Decl., ¶ 8. Plaintiff also filed a lawsuit and engaged in correspondence with Backgrid USA, Inc., which has not been produced. Plaintiff

---

[5] In response to a request for production of documents under Rule 34 of the Federal Rules of Civil Procedure, a party is to produce all responsive documents in its "possession, custody, or control." *Bryant v. Armstrong*, 285 F.R.D. 596, 603 (S.D. Cal. 2012) (citing Fed.R.Civ.P. 34(a)(1)). The requesting party "is entitled to individualized, complete responses to each of the requests,...accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced [to the requesting party]." *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006). Guillory did not make clear whether he was producing all responsive documents. Guillory supplemented his responses, but they still do not comply. *See* Responses to RFPs 1, 3-34, 37, 38, 40-43. Counsel has claimed everything in his "custody and control" has been produced, but that still isn't sufficient. In an effort to avoid the use of judicial resources, EHM did not separately move on each of these requests on this basis.

29

**JOINT STIPULATION RE GUILLORY'S DISCOVERY RESPONSES**

is withholding documents despite his contention that it is not. Plaintiff also contends that the information is proprietary or confidential business information, but the parties have entered into a stipulated protective order that addresses this concern. Plaintiff should be ordered to produce all responsive documents.

**No Privilege Log**

The Federal Rules of Civil Procedure permit a party responding to discovery requests to withhold information that is privileged or otherwise subject to protection. See Fed. R. Civ. Pro. 26(b)(5). But privileges are narrowly construed because they impede the full and fair discovery of the truth. *Consumer Financial Protection Bureau v. CashCall, Inc.,* 2016 WL 7444910, cv 15-07522-JFW (RAOx), *3 (C.D. Cal. 2016), *Eureka Fin. Corp. v. Hartford Acc. & Indem. Co.*, 136 F.R.D. 179, 183 (E.D. Cal. 1991). "[T]he objecting party must produce a privilege log that describes the nature of the documents being withheld with enough information to enable other parties to assess the claim." *Id*. (alteration and internal quotations omitted) (citing Fed. R. Civ. P. 26(b)(5)(A)(ii); *Perry v. Schwarzenegger*, 591 F.3d 1126, 1133 n.1 (9th Cir. 2009)).

Plaintiff has failed to provide a privilege log, despite acknowledging that he would provide one by June 29.. By July 5, almost a week later, he did not provide a privilege log. Ardalan Decl., Ex. E, ¶ 7.

**Guillory's Position:**

*See Guillory's Position at Response to Interrogatory No. 24.*


**REQUEST FOR PRODUCTION NO. 29**

All DOCUMENTS that support any of YOUR claims for damages in this ACTION.

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiff objects to this request to the extent that it calls for a legal opinion or

30

conclusion. Plaintiff objects to this request as being premature, to the extent that he has not completed a review of the documentation provided by Defendant, if any, that would establish the profits and/or revenues earned by Defendant as a result of its infringement of the Photograph. This response is made based upon information available to Plaintiff at this time and Plaintiff reserves the right to amend or supplement this response, without obligating himself to do so, as discovery continues. Further, this response is not intended to constitute a waiver of Plaintiff's right to elect an award of statutory damages pursuant to 17 U.S.C. § 504(c), which he may do at any point up until entry of a final judgment.

**EHM's Position**

Plaintiff does not explain whether he has responsive documents in his possession, custody, or control that supports his claim of damages, let alone whether he will produce them. These documents fit squarely within Federal Rule of Civil Procedure 26(a), which requires that each party provide a computation of damages. Plaintiff is required to produce all responsive documents supporting his claim of damages in this case, if he has any. There is no justification for claiming that these documents are "premature." EHM learned through its own investigation, not through documents produced by Guillory, that Plaintiff's typical rate for selling rights to photographs is $250 for 25 photographs. He has not produced any such documents.

**Guillory's Response:**

Plaintiff does not have any documents in response to this Request. The only potentially responsive documents are those in the Defendant's custody and control concerning any profits which would be subject to disgorgement under 17 U.S.C. §504(b) which Defendant failed to produce during discovery. Since Defendant has yet to produce this information, Plaintiff does not yet have any document responsive to this demand. There is therefore nothing to compel; other than Defendant's production discussed below.

**JOINT STIPULATION RE GUILLORY'S DISCOVERY RESPONSES**

**REQUEST FOR PRODUCTION NO. 35**

All DOCUMENTS that constitute, embody, reflect, or refer to any COMMUNICATIONS between YOU and any other PERSON concerning any authorized or unauthorized use of the WORKS AT ISSUE by EHM

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Plaintiff objects to this request to the extent that it duplicative of other requests made herein. Plaintiff further objects to the extent that this information is irrelevant to the issues in this case or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent that it potentially calls for the production of documents that are subject to the attorney-client privilege and work product exemption. Subject to and without waiving these objections, Plaintiff has no documents responsive to this Request. This response is based on the documents presently known, identified and available to Plaintiff. Plaintiff reserves the right to supplement this response, without obligating himself to do so, as discovery continues.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 35**

Plaintiff objects to this request to the extent that it is duplicative of other requests made herein. Plaintiff further objects to the extent that this information is irrelevant to the issues in this case or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent that it potentially calls for the production of documents that are subject to the attorney-client privilege and work product exemption. Subject to and without waiving these objections, Plaintiff has no documents responsive to this Request. This response is based on the documents presently known, identified and available to Plaintiff. Plaintiff reserves the right to supplement this response, without obligating himself to do so, as discovery continues.

**JOINT STIPULATION RE GUILLORY'S DISCOVERY RESPONSES**

### EHM's Position

### No Privilege Log

The Federal Rules of Civil Procedure permit a party responding to discovery requests to withhold information that is privileged or otherwise subject to protection. See Fed. R. Civ. Pro. 26(b)(5). But privileges are narrowly construed because they impede the full and fair discovery of the truth. *Consumer Financial Protection Bureau v. CashCall, Inc.,* 2016 WL 7444910, cv 15-07522-JFW (RAOx), *3 (C.D. Cal. 2016), *Eureka Fin. Corp. v. Hartford Acc. & Indem. Co*., 136 F.R.D. 179, 183 (E.D. Cal. 1991). "[T]he objecting party must produce a privilege log that describes the nature of the documents being withheld with enough information to enable other parties to assess the claim." *Id*. (alteration and internal quotations omitted) (citing Fed. R. Civ. P. 26(b)(5)(A)(ii); *Perry v. Schwarzenegger*, 591 F.3d 1126, 1133 n.1 (9th Cir. 2009)).

Plaintiff has failed to provide a privilege log, despite acknowledging that he would provide one by June 29. By July 5, almost a week later, he did not provide a privilege log. Ardalan Decl., Ex. E, ¶ 7.

### Guillory's Position:

Defendant's request, response and objections are substantively identical to those set forth in response to Interrogatory Nos. 3, 21 and 23.  Plaintiff therefore refers Defendant to *Guillory's Position* at response to Interrogatory Nos. 3, 21 and 23 *supra*.


**REQUEST FOR PRODUCTION NO. 36**

All DOCUMENTS relating to YOUR investigation into or discovery of the alleged infringement at issue in this lawsuit.

### PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

Plaintiff objects to this request to the extent that it is duplicative of other

requests made herein. Plaintiff further objects to the extent that this information is irrelevant to the issues in this case or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent that it potentially calls for the production of proprietary or confidential business information and/or documents that are subject to the attorney-client privilege and work product exemption. Subject to and without waiving these objections, Plaintiff has no documents responsive to this Request. This response is based on the documents presently known, identified and available to Plaintiff. Plaintiff reserves the right to supplement this response, without obligating himself to do so, as discovery continues.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

Plaintiff objects to this request to the extent that it is duplicative of other requests made herein. Plaintiff further objects to the extent that this information is irrelevant to the issues in this case or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent that it potentially calls for the production of documents that are subject to the attorney-client privilege and work product exemption. Subject to and without waiving these objections, Plaintiff has no documents responsive to this Request. This response is based on the documents presently known, identified and available to Plaintiff. Plaintiff reserves the right to supplement this response, without obligating himself to do so, as discovery continues.

**EHM's Position**

**No Privilege Log**

The Federal Rules of Civil Procedure permit a party responding to discovery requests to withhold information that is privileged or otherwise subject to protection. See Fed. R. Civ. Pro. 26(b)(5). But privileges are narrowly construed because they impede the full and fair discovery of the truth. *Consumer Financial*

34

**JOINT STIPULATION RE GUILLORY'S DISCOVERY RESPONSES**

*Protection Bureau v. CashCall, Inc.,* 2016 WL 7444910, cv 15-07522-JFW (RAOx), *3 (C.D. Cal. 2016), *Eureka Fin. Corp. v. Hartford Acc. & Indem. Co.,* 136 F.R.D. 179, 183 (E.D. Cal. 1991). "[T]he objecting party must produce a privilege log that describes the nature of the documents being withheld with enough information to enable other parties to assess the claim." *Id.* (alteration and internal quotations omitted) (citing Fed. R. Civ. P. 26(b)(5)(A)(ii); *Perry v. Schwarzenegger*, 591 F.3d 1126, 1133 n.1 (9th Cir. 2009)).

Plaintiff has failed to provide a privilege log, despite acknowledging that he would provide one by June 29. By July 5, almost a week later, he did not provide a privilege log. Ardalan Decl., Ex. E, ¶ 7.

**Guillory's Position:**

Plaintiff employs his counsel to discover the infringing uses of the Photographs. As such, the only potentially responsive documents that might exist concerning this request would be privileged as attorney work product for which no privilege log is required in this Circuit.

**REQUEST FOR PRODUCTION NO. 41**

All photographs or video YOU claim to have authored of 24877 Eldorado Meadow Road, Hidden Hills. (Your response should include the native files.)

**PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Plaintiff objects to this Request to the extent that it is duplicative of other requests made herein. Plaintiff objects to this Request to the extent that it calls for the production of documents which are already in Defendant's possession, custody and/or control. Subject to and without waiving these objections, Plaintiff refers Defendant to the original photographs.

//

//

**JOINT STIPULATION RE GUILLORY'S DISCOVERY RESPONSES**

1  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION**

2  **NO. 41**

3      Plaintiff objects to this Request to the extent that it is duplicative of other

4  requests made herein. Plaintiff objects to this Request to the extent that it calls for

5  the production of documents which are already in Defendant's possession, custody

6  and/or control. Subject to and without waiving these objections, Plaintiff refers

7  Defendant to the original photographs. After a reasonable and diligent search, these

8  are the only documents responsive to this request at this time.

9      **EHM's Position**

10     **No Native Files**

11     EHM expressly requested that native photograph and video files be produced

12 of the works at issue because the native files contain metadata. That metadata

13 frequently includes the name of the author, the type of camera, the date the

14 photograph was taken, all of which is relevant to ownership. Moreover, it will allow

15 EHM to corroborate the information Plaintiff provided to the Copyright Office in

16 its application for registration. Plaintiff did not produce natives. Ardalan Decl., ¶ 9.

17     **Guillory's Position:**

18     The native files have been produced.

19

20 **REQUEST FOR PRODUCTION NO. 42**

21     All COMMUNICATIONS about any photographs or video YOU claim to

22 have authored of 24877 Eldorado Meadow Road, Hidden Hills. (Your response

23 should include the native files.)

24     **PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION NO.**

25     **42:**

26 Plaintiff objects to this request to the extent that it is duplicative of other requests

27 made herein. Plaintiff objects to this request in that the term COMMUNICATIONS

28 "about any photographs" is vague, ambiguous, and overbroad. Plaintiff objects to

36

this request to the extent that it potentially calls for the production of proprietary or confidential business information and/or documents that are subject to the attorney-client privilege and work product exemption. Plaintiff objects to this request to the extent that it would call for the creation of documents, rather than the production of existing documents. Subject to and without waiving these objections, Plaintiff refers Defendant to the electronic correspondence between Plaintiff, Missy Improta, Jason Improta, and Katie Pederson dated November 7, 8, 10, 21, 22, and 28, 2021, along with Plaintiff's invoice for the photographs dated November 29, 2021. This response is based on the documents presently known, identified and available to Plaintiff. Plaintiff reserves the right to supplement this response, without obligating himself to do so, as discovery continues.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

Plaintiff objects to this request to the extent that it is duplicative of other requests made herein. Plaintiff objects to this request in that the term COMMUNICATIONS "about any photographs" is vague, ambiguous, and overbroad. Plaintiff objects to this request to the extent that it potentially calls for the production of documents that are subject to the attorney-client privilege and work product exemption. Plaintiff objects to this request to the extent that it would call for the creation of documents, rather than the production of existing documents. Subject to and without waiving these objections, Plaintiff refers Defendant to the electronic correspondence between Plaintiff, Missy Improta, Jason Improta, and Katie Pederson dated November 7, 8, 10, 21, 22, and 28, 2021, along with Plaintiff's invoice for the photographs dated November 29, 2021. After a reasonable and diligent search, these are the only documents responsive to this request at this time. This response is based on the documents presently known, identified and available to Plaintiff. Plaintiff reserves the right to supplement this response, without obligating himself to do so, as discovery continues.

**EHM's Position**

**No Native Files**

EHM expressly requested that native photograph and video files be produced of the works at issue because the native files contain metadata. That metadata frequently includes the name of the author, the type of camera, the date the photograph was taken, all of which is relevant to ownership. Moreover, it will allow EHM to corroborate the information Plaintiff provided to the Copyright Office in its application for registration. Plaintiff did not produce natives. Ardalan Decl., ¶ 9.

**No Privilege Log**

The Federal Rules of Civil Procedure permit a party responding to discovery requests to withhold information that is privileged or otherwise subject to protection. See Fed. R. Civ. Pro. 26(b)(5). But privileges are narrowly construed because they impede the full and fair discovery of the truth. *Consumer Financial Protection Bureau v. CashCall, Inc.,* 2016 WL 7444910, cv 15-07522-JFW (RAOx), *3 (C.D. Cal. 2016), *Eureka Fin. Corp. v. Hartford Acc. & Indem. Co*., 136 F.R.D. 179, 183 (E.D. Cal. 1991). "[T]he objecting party must produce a privilege log that describes the nature of the documents being withheld with enough information to enable other parties to assess the claim." *Id*. (alteration and internal quotations omitted) (citing Fed. R. Civ. P. 26(b)(5)(A)(ii); *Perry v. Schwarzenegger*, 591 F.3d 1126, 1133 n.1 (9th Cir. 2009)).

Plaintiff has failed to provide a privilege log, despite acknowledging that he would provide one by June 29. By July 5, almost a week later, he did not provide a privilege log. Ardalan Decl., Ex. E, ¶ 7.

**Guillory's Position:**

This request is duplicative of a number of other requests which have already been discussed above. In the interest of not being duplicative, Plaintiff incorporates all of its prior responses herein.

**JOINT STIPULATION RE GUILLORY'S DISCOVERY RESPONSES**

## IV.     THE COURT SHOULD ISSUE SANCTIONS AGAINST PLAINTIFF AND ITS COUNSEL

### EHM's Position

The issues in this motion are neither complicated nor controversial. The deficiencies in the discovery responses are clear cut and should have been readily fixed after the parties' meet and confer efforts, but they were not. It is stunning that the party who brought the lawsuit is unwilling to explain how he was harmed, or provide documents supporting his claim for damages, and that he refused to provide a verification under oath, as required by the text of Rule 33. These simple issues should not have required Court intervention.

Making matters worse, counsel said she would try her best to get responses by June 29, 2023. Ardalan Decl., ¶ 7, Ex. E. She did not and did not respond to counsel's email requesting an update about when she could expect supplemental responses. Ardalan Decl. ¶ 7. Plaintiff provided supplemental responses on July 5, after counsel invested significant time drafting this motion to compel, thus requiring EHM to spend additional money redrafting the motion to conform with the supplemental responses. *Id.*

### Guillory's Position

Plaintiff agrees that the issues in this motion are neither complicated nor controversial. Where Plaintiff and Defendant clearly disagree is why Defendant maintains that is has the right to the production of documents (e.g. privilege log for communications between counsel and client concerning this action, settlement agreements with third-parties) which are either entirely irrelevant to this matter or are specifically not required to be produced in this Circuit. This motion is both unnecessary and a waste of Plaintiff's time and this Court's resources. To the extent that sanctions are warranted, which Plaintiff believes should be the rare exception rather than the rule, and not even remotely necessary in this matter, they should be awarded against Defendant or its counsel, rather than  against Plaintiff.

1

2   July 12, 2023                                    ONE LLP

3

4                                                    By: /s/ Joanna Ardalan
                                                         Joanna Ardalan
5
                                                     Attorney for Defendant
6                                                    EHM PRODUCTIONS, INC.

7

8   July 12, 2023                                    SANDERS LAW GROUP

9

10                                                   By: /s/ Jaqueline Mandel
                                                         Jaqueline Mandel
11
                                                      Attorney for Plaintiff
12                                                    Robert Guillory

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT STIPULATION RE GUILLORY'S DISCOVERY RESPONSES**